JUDGE LINDSAY
delivered the opinion oe the court.
In April, 1865, Solon Thompson was arrested by the military authorities of the United States, and in the following' June was tried by a military court, held at Louisville; upon the' charge of being a guerrilla, and was convicted and sentenced to suffer death on the 12th day of July, 1865. Prior to his trial, Wharton, who was a practicing attorney in said city, was employed to defend him for the agreed fee of one hundred dollars, which was paid in cash, and the further sum of one hundred and seventy dollars, to be paid upon condition that Solon should be acquitted; and for this last amount the prisoner and his father, J. K. Thompson, executed their joint note.
On the day fixed for Solon’s execution a new contract was made with Wharton, he agreeing, by proper proceedings before the commanding general, without whose approval the sentence of the court could not be carried into execution, to prevent the infliction of the adjudged punishment, and if possible to procure the discharge of the condemned man, in consideration of the sum of three hundred dollars, to be paid only in event of his success. The payment of this amount was secured by the joint note of J. K. and W. K. Thompson and J. M. Bowman, due six months thereafter. Said note was deposited with a third party, and was delivered to Wharton by the direction of J. K. Thompson after the discharge of Solon from custody, which took place in March, 1866, the execution of the sentence of death having been delayed, and he in the mean time having • been confined in the penitentiary. This action was instituted to'recover the amount of the last note.
Appellants set out all these facts in their answer, and also claim that appellee took advantage of the unfortunate circumstances by which Solon was surrounded, and by fraud and *565 oppression extorted from his father and the other obligors the execution of the note, by asserting his intention to abandon all further efforts in behalf of the condemned man unless the same was executed. It appears from the answer that by the terms of his original employment "Wharton was to defend the prisoner upon his trial by the military court. Hence his duty as attorney ended when the proceedings in that court were finally concluded. He was under no legal obligation by reason of such employment to exert himself to prevent the approval of the sentence by the commanding general, nor to procure the pardon of his late client, and his refusal to do so until a reasonable compensation for such services ^s he might be required to render was secured to him can not be regarded as an act either of oppression or fraud. Upon the trial of this cause the circuit judge instructed the jury that the onus was upon the appellants to establish the fraud or oppression alleged by them, and that any services rendered by Wharton under his last agreement constituted a sufficient consideration to uphold the note.
Appellants asked for five instructions, all of which were refused. They also asked leave after the evidence was closed to amend their answer, and the court refused to permit them to do so. As the instructions refused and the rejected amended answer relate to the same subject-matter, and were intended to raise the same issue, they will be considered together. The court was asked to instruct the jury that if they believed from the evidence that the sole consideration for the execution of the note sued on was the agreement of Wharton to use his personal influence with the commanding general to secure the pardon of Thompson, or to have his punishment commuted, that such agreement was contrary to public policy and void. If such be the law, then the court erred in rejecting the amendment to the original answer, and a portion of the instructions at least should have been given.
*566 Cornyn in his work on Contracts, page 261, states the rule to be that “ no action will lie to recover a sum of money for endeavoring to obtain a pardon;” and he quotes with approval the language of Lord Eldon, who in the case of Jones v. Birney says “ that where a person interposes his interests and good offices to procure a pardon it ought to be done gratuitously and not for money. The doing of an act of that description should proceed from pure motives and not from pecuniary ones.”
This court in the case of McGill's administrator v. Burnett declared a contract to procure the remission of a forfeiture void, because such agreements “tend to obstruct a correct admistration of government,” and are calculated to induce persons to use their'influence in such manner as to defeat public justice. (7 J. J. Marshall, 640.)'
These reasons apply, and should most certainly control, in all cases in which the party whose pardon or release is sought to be obtained has been convicted of crime by a legally constituted tribunal, having the constitutional right to try and punish the offender. Was Solon Thompson tried and convicted by such a tribunal ?
From the record before us we are warranted in concluding that at the time he is charged to have committed the offense for which he was tried, as well as at the time of his arrest and of his trial, he was neither a member of the land or naval forces of the United States, nor was he charged with being a spy, nor a public or domestic enemy, guilty of any violation of the laws of Avar. Upon the contrary, it seems that he was a citizen of Kentucky, and if guilty of any offense at all against the Federal Government, of such only as Avould authorize the regularly constituted courts of the United States to inquire into and pass upon his guilt after he had been regularly indicted by a grand jury. And these courts were at that time open in the city of Louisville for the trial of all such offenders. Hence, according to the opinion of the Supreme Court of the *567 United States in the case of ex parte Milligan, 4 Wallace, 2, the trial of Thompson by the military court was unauthorized by law and forbidden by the constitution, and consequently its sentence was a nullity, and the infliction of punishment upon the prisoner under such sentence would have been not only unwarranted, but in direct violation of the laws of Kentucky.
Under these circumstances the appellee undertook, by the use of his personal influence with the military commander, to save the unfortunate man from the impending danger of threatened execution or unauthorized and illegal imprisonment. Such an act can not be regarded as an agreement to obstruct the proper administration of the government nor to defeat the ends of public justice.
The object sought to be accomplished, as well as the means to be resorted to, were entirely defensible, whether regarded from a legal or moral stand-point; and, such being the case, it is difficult to perceive how the contract constituting the consideration of the note can be regarded as contravening public policy.
We are of opinion that the circuit court did not err to the prejudice of the appellants either in rejecting their amended answer or in refusing to give' the instructions asked for. The third instruction given at the instance of the appellee is less favorable to him than it should have been. It requires the jury to believe that there was proof tending to show that he had, rendered at least some service in obtaining, or attempting to obtain, the commutation of Solon Thompson’s punishment or his release from custody, although no such issue is raised, or attempted to be raised, in the pleadings.
Judgment affirmed.