CHAS. EGINTON *v.* HIRAM BRAIN ET AL.

**War—Arrest by Military Force for Violation of State or Federal Laws.**

The arrest and confinement in a military prison by military force, for violation of state or Federal laws, at a time when the courts of the state and the courts of the United States were open for trial on a charge for violation of law, is an act of oppression and violative of the Constitution.

**Contracts—Public Policy—Release from Imprisonment.**

Where B's were arrested by a military force and confined in a military prison, a contract between E and B's whereby E was to use his influence with the military commander to secure the release of B's from illegal imprisonment and from court-martial, such undertaking cannot be regarded as an agreement to obstruct or defeat the administration of justice.

APPEAL FROM BATH CIRCUIT COURT.

February 18, 1874.

OPINION BY JUDGE PETERS:

It does not appear in this record that the Brains, at the time they were arrested, were attached to the land or naval forces of the United States, or had committed any offense against the laws of war, but it seems that they, being private citizens, had been taken by force, confined in a military prison, and threatened with a trial by a court-martial, at a time when the federal and state courts of Kentucky (of which state they were citizens) were unobstructed and open for the trial of persons charged with the violation of the laws of the state or federal government. Hence their arrest by military force and imprisonment was a flagrant violation of the constitution and an act of tyrannical oppression.

If in accordance with the principle settled in *Ex parte Milligan*, 4 Wall. (U. S.) 281, and *Thompson et al. v. Wharton*, 7 Bush 563, appellant had contracted with appellees, the Brains, to use his personal influence with the military commander to procure their release from the unauthorized and illegal imprisonment, and rescue them from the impending danger of a trial by a court-martial, such an undertaking cannot be regarded as an agreement to obstruct the proper administration of the government, nor to defeat the ends of public justice.

In view of the evidence in this case, and tested by the principles of law settled in the analogous cases cited, instruction "No. 1," given to the jury by the court and excepted to by appellant, cannot be sustained. It reads as follows: The jury will find for the plaintiff, as against the defendants, except James M. Brain, on the note sued on, unless they believe from the evidence that the consideration of the note, in whole or in part, was for services rendered in using his personal influence with the military authorities of the United States to procure the release from military confinement and imprisonment of the defendants or either of them.

The case of McGill's Admr. v. Burnett, 7 J. J. Marsh. 640, is not analogous to this. In the one case a forfeiture had been adjudged against the party, by the legally constituted tribunal to determine the matter. In the other case, from all that appears, the parties were imprisoned in utter disregard of their rights and in wanton violation of law, by a force too powerful to be resisted. And if they could procure the opening of their prison doors by engaging the services of one or more attorneys, who might convince their captors of the wrongs they were perpetrating and the legal liability they may have incurred by their wrongful acts, the enforcement of contracts for such services would inure to the benefit of the captives.

The instruction commented on is inconsistent with the adjudications cited. Wherefore, the judgment is reversed and the cause remanded with directions for a new trial and further proceedings consistent herewith.

*Eginton, for appellant.*

*Gudgell, Nesbitt, for appellees.*